IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE EDWARD BLACKSHIRE, Reg. No. 17547-002, | ) ) ) |
| Petitioner, | ) ) |
| v. | )   CASE NO. 2:22-cv-385-ECM ) [WO] |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**MEMORANDUM OPINION and ORDER**

On August 21, 2025, the Magistrate Judge entered a Recommendation (doc. 29) that Petitioner Willie Edward Blackshire's ("Blackshire") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be denied without an evidentiary hearing. Blackshire timely filed objections to the Recommendation. (Doc. 30). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Blackshire's objections, the Court concludes that Blackshire's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and Blackshire's § 2255 motion is due to be denied without an evidentiary hearing.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with

instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

As relevant here, Blackshire claimed in his § 2255 motion that his prior conviction of felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1) is invalid because he did not knowingly and voluntarily plead guilty to that offense.[2]  According to Blackshire, his plea was not knowing and voluntary because he has never been convicted of a crime punishable by more than one year in prison.  Specifically, he asserts that his 2012 Alabama state court conviction of distribution of a controlled substance—a Class B felony—is not a crime punishable by more than one year in prison because he served only six months' imprisonment in accordance with Alabama's presumptive sentencing guidelines.

---

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

[2] To the extent Blackshire challenges his conviction and not his sentence, the Court questions whether § 2255 provides the proper vehicle for the relief he seeks. *See Rudolph v. United States*, 92 F.4th 1038, 1043 (11th Cir. 2024) (explaining that "§ 2255 is a vehicle for attacking sentences, not convictions"). Nonetheless, the Court will assume without deciding that it is.

The Magistrate Judge considered and rejected this argument, concluding that it was procedurally defaulted because Blackshire failed to raise it on direct appeal and that he cannot demonstrate actual innocence to overcome the procedural default. Construing Blackshire's objections liberally, he objects to the Magistrate Judge's conclusion that he is not actually innocent of violating § 922(g)(1) because he had in fact been convicted of a crime punishable by more than one year in prison. Upon *de novo* review, the Court concludes that Blackshire procedurally defaulted this claim by not raising it on direct appeal, and he has not demonstrated that he is actually innocent of violating § 922(g)(1). Under Alabama law in effect in 2012, Blackshire was convicted of a Class B felony, which was punishable by a term of imprisonment of "not more than 20 years or less than 2 years." ALA. CODE § 13A-5-6(a)(2) (2011). On this record, Alabama's presumptive sentencing guidelines do not alter this conclusion.[3] Consequently, this objection is due to be overruled.

Blackshire relatedly contends that his "*Rehaif*[4] claim should have been upheld" because he had not "knowingly committed a crime for which [he] would have had prior knowledge of being prohibited from carrying a firearm." (Doc. 30 at 1). To the extent this

---

[3] This conclusion is not inconsistent with the Eleventh Circuit's recent decision in *United States v. Gaines*, --- F.4th ----, 2025 WL 2608691, at *1 (11th Cir. Sept. 10, 2025) (concluding that the defendant had not been convicted of a crime "punishable by imprisonment for a term exceeding one year" for purposes of § 922(g)(1) where he had pleaded guilty in Alabama state court to a Class D felony, which "triggered a 'definite term of imprisonment' of 'not more than 5 years or less than 1 year and 1 day'" but also "mandated that any sentence be 'in accordance with subsection (b) of Section 15-18-8,'" which in turn prohibited courts from "imposing prison sentences on Class D felons who hadn't been convicted of either (1) three or more felonies or (2) two or more serious felonies" (citations omitted)). Unlike the statutory language regarding Class D felonies at issue in *Gaines*, the relevant statutory language here regarding Class B felonies does not limit or otherwise qualify the available sentence to be imposed.

[4] *Rehaif v. United States*, 588 U.S. 225 (2019).

3

objection relates to the Magistrate Judge's disposition of Blackshire's claim that his counsel was ineffective for failing to preserve his *Rehaif* claim for appellate review, the objection is insufficiently specific to warrant *de novo* review. The Court discerns no clear error in the Magistrate Judge's Recommendation. To the extent he contends he is entitled to relief from his conviction based on *Rehaif*, this claim is procedurally defaulted because he raised it on direct appeal, and the Eleventh Circuit ruled against him. *See Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) ("It is long settled that a prisoner is procedurally barred from raising arguments in a [§ 2255 motion] that he already raised and that we rejected in his direct appeal."). Therefore, this objection is due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Recommendation of the Magistrate Judge (doc. 29) is ADOPTED;

2. Blackshire's 28 U.S.C § 2255 motion (doc. 1) and amendment (doc. 16) are DENIED without an evidentiary hearing;

3. This case is DISMISSED with prejudice;

4. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 25th day of September, 2025.

                                              /s/ Emily C. Marks
                                         EMILY C. MARKS
                                         CHIEF UNITED STATES DISTRICT JUDGE